UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TOM TUMBRINK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-CV-1869 PLC |
| ) | |
| ST. CHARLES COUNTY, MISSOURI, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the "Motion and Suggestions in Support to Strike Certain Paragraphs or Plaintiff's First Amended Petition" filed by Defendants St. Charles County, St. Charles County Police Department,[1] David Todd, Christopher Hunt, and Joann Leykam (collectively, "Defendants"). [ECF No. 11]  Plaintiff Tom Tumbrink opposes the motion. [ECF No. 17]  For the reasons stated below, the Court denies the motion to strike.

**I.   Background**

Plaintiff, a former police officer with the St. Charles County Police Department, is Native American and a member of the Local 42 Police Union. [ECF No. 8 at ¶¶ 10, 12]  In his first amended petition, Plaintiff claimed that: (1) St. Charles County discriminated against him on the basis of race and/or national origin in violation of the Missouri Human Rights Act, § 213.010 *et seq.* (Count I); (2) all Defendants retaliated against him for exercising his First Amendment right to be a union member in violation of 42 U.S.C. § 1983 (Count II); and (3) all Defendants

---

[1] Plaintiff voluntarily dismissed Defendant St. Charles Police Department on February 5, 2021. [ECF No. 15]

1

wrongfully discharged Plaintiff in retaliation for exercising his First Amendment rights as a union member (Count III).  [Id.]  Plaintiff sues the Defendants Todd, Hunt, and Leykam in their individual and official capacities.  [Id.]

In support of his claims in Count II and Count III that, because Plaintiff was a union member, Defendants treated him less favorably than non-union-member employees, Plaintiff alleged:

> [Defendants] have failed to suspend[] others with actual County Police violations who were not union members, in particular, the following:
>
> a.  St. Charles County was sued for sexual harassment by Stephanie Fisk. Todd and Sgt. Jett were the two employees of St. Charles County that Fisk named as her sexual harassers.  The County paid over $500,000.00 to Fisk to settle the lawsuit.  Sexual harassment is not permitted pursuant to St. Charles County policy.  Todd and Jett are not Local 42 union members and were not disciplined or suspended.
>
> b.  Hunt was retained by St. Charles County while he was on bond for burglary, assault and property damage charges.  Hunt was convicted, however, the conviction was overturned on appeal.  Hunt later pled to a misdemeanor.  Hunt was a union member at one time, but not during his appeal and after he pled to the misdemeanor.
>
> c.  Hunt damaged a County Police vehicle that he was driving for employment not related to the County Police.  Hunt was not authorized to drive the vehicle at the time he damaged the vehicle, in violation of County Police policy.  Hunt was not disciplined or suspended.
>
> d.  Leykam, Todd and Hunt were involved with preventing Leykam's niece from being arrested and charged with two felonies.  The responding officer was directed by Hunt to bring Leykam's niece to Leykam's house and no charges were filed.  No one was disciplined or suspended.
>
> e.  Sgt. Streck damaged a bathroom sink at Trailhead on mainstreet [sic]. He is not a Local 42 union member and was not disciplined or suspended.
>
> f.  Lt. McMann was stopped for suspicion of a DWI in Lincoln County.  A County Police officer was dispatched to pick up Lt. McMann and take him to his residence.  Lt. McMann is not a Local 42 member and was not disciplined or suspended.

> g. Sgt. Davis was stopped on two separate times in 2019 for suspicion of a DWI. He was subsequently promoted. After his promotion, he was stopped for suspicion of a DWI at the Lake of the Ozarks. He is not a Local 42 union member and was not suspended or disciplined.
>
> h. Officer Hopkins disregarded orders to terminate a high-speed pursuit. The pursuit resulted in the fatality of driver who was not involved in the pursuit. A wrongful death suit is pending. Hopkins is not [a] Local 42 member and was not disciplined or suspended.

[Id. at ¶¶ 87 & 101]

## II.     Discussion

Defendants filed a motion to strike pursuant to Federal Rule of Civil Procedure 12(f), arguing that the allegations in the first amended petition's paragraphs 87 and 101 are "immaterial and impertinent" to his claims that Defendants violated his First Amendment rights by disciplining and terminating him based on his union membership. [ECF No. 11] Defendants further assert that paragraphs 87 and 101 are "clearly prejudicial" because they would require Defendants to "expend time and resources litigating irrelevant issues" and are intended to "blacken [Defendants'] reputations, as well as unrelated non-parties' reputations" and "influence the pool of potential future jurors." [Id. at 5-6] Plaintiff counters that the allegations in question "show the disparate treatment of union members" and demonstrate the existence of an unconstitutional policy or custom. [ECF No. 17 at 2]

Rule 12(f) allows the Court to strike from a pleading, "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Immaterial claims are those lacking essential or important relationships to the claim for relief. Impertinent claims are those that do not pertain to the issues in question." Brown v. City of St. Louis, Missouri, 4:18-CV-1676 JMB, 2019 WL 3577491, at *3-4 (E.D. Mo. Aug. 6, 2019) (quoting Simms v. Chase Student Loan Servicing, LLC, No. 4:08-CV-1480 ERW, 2009 WL 943552, at *2, n.3 (E.D. Mo. Apr. 6, 2009)). "The party

3

moving to strike bears the burden of demonstrating that the challenged allegations are so unrelated to [the plaintiff's] claim that they are devoid of merit, unworthy of consideration and … unduly prejudicial." Hall v. City of St. Louis, 465 F.Supp.3d 937, 952 (E.D. Mo. 2020) (quoting Whitlock-Kincade v. United States DOD, 4:06-CV-895 RWS, 2007 WL 781810 (E.D. Mo. March 13, 2007)). Although courts enjoy "broad discretion" in determining whether to strike a party's pleadings, such an action is "an extreme measure." Stanbury Law Firm, P.A. v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000) (per curium opinion). For this reason, motions to strike are "viewed with disfavor and are infrequently granted." Id.

Defendants argue that the allegations in paragraphs 87 and 101 are immaterial and impertinent to Plaintiff's claims that Defendants retaliated against him pursuant to an unconstitutional policy that disparately treated union-member employees. "The First Amendment's protection of the freedom of association provides public employees with a right to organize a labor union, Int'l Ass'n of Firefighters, Local No. 3808 v. City of Kansas City, 220 F.3d 969, 972 (8th Cir. 2000), and to participate in union activities, Roberts [v. Van Buren Pub. Schs., 773 F.2d 949, 957 (8th Cir. 1985)]." Strinni v. Mehlville Fire Prot. Dist., 681 F.Supp.2d 1052, 1069 (E.D. Mo. 2010). To establish employer retaliation in violation of the First Amendment, a public employee must prove: "(1) he engaged in activity protected by the First Amendment; (2) the defendants took an adverse employment action against him; and (3) the protected conduct was a substantial or motivating factor in the defendants' decision to take the adverse employment action." Lyons v. Vaught, 875 F.3d 1168, 1172 (8th Cir. 2017).

A municipality may be liable for unconstitutional retaliation if the municipality's policy or custom caused the violation of the plaintiff's First Amendment rights. Davison v. City of Minneapolis, Minn., 490 F.3d 648, 659 (8th Cir. 2007) (citing Monell v. Dept. of Soc. Servs., 436

4

U.S. 658, 690-91 (1978)).  To prevail on a municipal liability claim for retaliation in violation of a plaintiff's First Amendment rights, a plaintiff must prove that either the policy was "officially adopted and promulgated by" the municipality, or the practice is "so permanent and well-settled so as to constitute a custom, that existed and through which" the municipality acted in violating the plaintiff's constitutional right.  Id. (citing City of St. Louis v. Praprotnik, 485 U.S. 112, 121 (1988)).  "A single decision by a municipal authority can in some circumstances constitute official policy[.]"  Bolderson v. City of Wentzville, Mo., 840 F.3d 982, 985 (8th Cir. 2016) (citing Pembaur v. City of Cincinnati, 475 U.S. 469, 480-81 (1986)).

Defendants suggest that the complained of allegations are not probative of a policy to treat union-member employees less favorably that non-union-member employees because the conduct cited in those paragraphs was different than the conduct for which Plaintiff was allegedly disciplined.  However, Defendants cite no authority supporting their position that establishing a retaliatory policy requires evidence of an employer's disparate responses to the same misconduct by union- and non-union-member employees.

After reviewing the cited paragraphs and subparts, as well as the other allegations in Plaintiff's first amended petition, the Court concludes that the challenged paragraphs are not so immaterial, impertinent, or prejudicial as to warrant the extreme measure of striking.  See, e.g., Ziegler v. City of St. Louis, Mo., No. 4:18-CV-1577 JAR, 2020 WL 709257, at *4 (E.D. Mo. Feb. 12, 2020) (denying motion to strike allegations relating to "the Stockley verdict, the nature of public protests in response thereto, and prior orders of this Court" concerning police actions in response to public protests); Brown, 2019 WL 3577491, at *3-4 (denying the defendants' motion to strike allegations relating to the defendants' policies for providing medical attention and health screening for prisoners where the plaintiff did not claim that she was arrested);  Hurlburt v. Lohr

5

Distrib. Co., Inc., No. 4:17-CV-2733 JMB, 2018 WL 3870109, at *10 (E.D. Mo. Aug. 15, 2018) (denying motion to strike portions of complaint referencing dismissed and untimely claims).  To the contrary, the allegations in paragraphs 87 and 101 are relevant to Plaintiff's claims and the issues in this case.  Because Defendants have not satisfied their burden by demonstrating that the complained of allegations are "devoid of merit," "unworthy of consideration" and "unduly prejudicial," the Court denies Defendants' Rule 12(f) motion to strike.

I. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendants' "Motion and Suggestions in Support to Strike Certain Paragraphs or Plaintiff's First Amended Petition"  [ECF No. 11] is **DENIED**.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of February, 2021