UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TOM TUMBRINK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:20-CV-1869 PLC |
| | ) |
| ST. CHARLES COUNTY, MISSOURI, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Tom Tumbrink's Motion for Leave to Amend Order of Partial Dismissal. [ECF No. 47]

On February 18, 2022, Plaintiff filed a "Notice of Partial Voluntary Dismissal" purporting to dismiss Defendants David Todd; Christopher Hunt; and Joann Leykam from the action without a court order.[1] [ECF No. 41] On February 23, 2022, the Court ordered the Clerk of the Court to re-docket Plaintiff's notice as a Motion for Partial Voluntary Dismissal Without Prejudice under Rule 41(a)(2) and granted Defendants Todd, Hunt, and Leykam 7 days to file any opposition to the motion. [ECF Nos. 42 & 43] On March 3, 2022, having received no opposition by any party, the Court entered an order of partial dismissal granting Plaintiff's motion and dismissing Defendants Todd, Hunt, and Leykam without prejudice. [ECF No. 44]

On April 20, 2022, Plaintiff filed another "Notice of Voluntary Dismissal[,]" this time purporting to dismiss Defendants St. Charles County, Missouri; Todd; Hunt; and Leykam from the action with prejudice without a court order. [ECF No. 45] On April 21, 2022, the Court treated Plaintiff's filing as a Rule 41(a)(2) Motion for Voluntary Dismissal with Prejudice as to the only remaining defendant, granted the motion in part, and dismissed St. Charles, County, Missouri from the action with prejudice. [ECF No. 46]

---

[1] Plaintiff's filing did not specify whether the dismissal was with or without prejudice.

On April 29, 2022, Plaintiff filed his motion to the amend the March 3, 2022 Order. [ECF No. 47] Plaintiff requests the Court amend the March 3, 2022 Order to reflect that Defendants Todd, Hunt, and Leykam are dismissed with prejudice, asserting "Defendants' attorney is in agreement with amending" the order. Plaintiff presents no argument and cites no legal authority in support of his motion.

If the Court's March 3, 2022 Order was a final judgment, Plaintiff's April 29, 2022 motion seeking to amend the order is untimely.[2] Generally, a dismissal without prejudice is not a final judgment. See Williams v. Clarke, 82 F.3d 270, 273 (8th Cir. 1996); Al-Saadoon v. Barr, 973 F.3d 794, 801 (8th Cir. 2020). However, in some circumstances, "a dismissal without prejudice can be an appealable final order." Great Rivers Co-op. of Southeastern Iowa v. Farmland Industries, Inc., 198 F.3d 685, 689 (8th Cir. 1999). "To be a final order or judgment, there must be 'some clear and unequivocal manifestation by the trial court of its belief that the decision made, so far as [the court] is concerned, is the end of the case.'" Id., quoting Goodwin v. United States, 67 F.3d 149, 151 (8th Cir.1995) (internal quotations omitted).

Here, the voluntary dismissal of Defendants Todd, Hunt, and Leykam was not "the end of the case" because Defendant St. Charles County, Missouri remained in the action. It was not until the Court dismissed Defendant St. Charles County with prejudice on April 21, 2022, that the Court entered a final judgment. As such, the Court will grant Plaintiff's Motion to Amend the March 3, 2022 Order of Partial Dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Amend Order of Partial Dismissal [ECF No. 47] is **GRANTED**.

---

[2] Rule 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

**IT IS FURTHER ORDERED** that this matter is **DISMISSED with prejudice** as to Defendants David Todd; Christopher Hunt; and Joann Leykam, with each party to bear its own costs and fees.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of May, 2022